UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLOIS BELL,

                Petitioner,

v.                                                   Case Number 10-13467
                                                    Honorable Davis M. Lawson

DAVID BERGH,

                Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

The petitioner, Clois Bell, presently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of conducting a continuing criminal enterprise, Mich. Comp. Laws § 750.159i(1), two counts of delivering less than 50 grams of a controlled substance, Mich. Comp. Laws § 333.7401(2)(a)(iv), two counts of conspiracy to delivery less than 50 grams of a controlled substance, Mich. Comp. Laws § 333.7401(2)(a)(iv), and possession of less than 50 grams of a controlled substance, Mich. Comp. Laws § 333.7403(2)(a)(v), and resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1). He was sentenced to 21 years and 8 months to 40 years imprisonment for the criminal enterprise conviction, 9 years and 6 months to 20 years imprisonment for each delivery count, 6 years and 4 months to 20 years imprisonment for each count of conspiracy to deliver, 2 years and 10 months to 15 years for the possession conviction, and three years and 10 months to 15 years imprisonment for resisting and obstructing a police officer. The Michigan Court of Appeals affirmed his convictions, and on May 27, 2009, the Michigan Supreme Court denied leave to appeal.

Currently pending before the Court is the petitioner's motion to hold his habeas petition in abeyance. The petitioner filed a motion for relief from judgment in the state court on August 23, 2010, simultaneously with his petition for a writ of habeas corpus in this Court. The statute of limitations on the petitioner's claims in this Court expired on August 25, 2010. *See* 28 U.S.C. § 2244(d). The petitioner seeks to have the Court stay his habeas petition while he pursues state remedies for these claims and attempts to comply with the exhaustion requirement.

State prisoners must exhaust available state remedies for their claims before a federal court may grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*,

208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Baldwin*, 541 U.S. at 29. The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The petitioner requests the opportunity to return to state court to exhaust all of his claims before presenting them to this Court. A dismissal of this action at this time would result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). The petitioner could not raise these new claims in a second petition without permission from the Court of Appeals, which would apply strict standards when determining whether to allow a second or subsequent petition. *See* 28 U.S.C. § 2244(b)(2); *Durr v. Cordray*, 602 F.3d 731, 737 (6th Cir. 2010). In light of this dilemma, courts are not precluded from

> retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring). A stay and order of abeyance, however, is "available only in limited circumstances," such as

> when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").
>
> . . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See* [*Zarvela v. Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001)].

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The petitioner's claims are not plainly meritless, and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay. In addition, the petitioner has shown "good cause" for not raising his new claims on direct appeal by asserting ineffective assistance of counsel and newly discovered evidence. The petitioner's motion will therefore be granted.

Accordingly, the petitioner's motion to hold this case in abeyance [dkt # 3] is **GRANTED**.

It is further **ORDERED** that the petition for writ of habeas corpus is **HELD IN ABEYANCE**. The case shall then be held in abeyance pending the petitioner's exhaustion of his unexhausted claims. The petitioner shall file a motion to reinstate the habeas petition in this Court within **twenty-eight (28) days** after the conclusion of these state court proceedings. If, and when, the petitioner returns to federal court following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

It is further **ORDERED** that the Clerk of Court **CLOSE** this case to avoid administrative difficulties and for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 13, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2010.

        s/Susan K. Pinkowski
        SUSAN K. PINKOWSKI