UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLOIS BELL,

        Petitioner,               Case Number 10-13467

v.                                           Honorable Davis M. Lawson

DAVID BERGH,

        Respondent.
_____/

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PETITIONER'S OBJECTIONS,
AND DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Before the Court are the petitioner's objections to a report issued by Magistrate Judge Paul J. Komives recommending that petitioner Clois Bell's petition for a writ of habeas corpus be denied. Bell was convicted by a Bay County, Michigan jury of conducting a continuing criminal enterprise, Mich. Comp. Laws § 750.159i(1), two counts of delivering less than 50 grams of a controlled substance, Mich. Comp. Laws § 333.7401(2)(a)(iv), two counts of conspiracy to deliver less than 50 grams of a controlled substance, Mich. Comp. Laws § 333.7401(2)(a)(iv), and possession of less than 25 grams of a controlled substance, Mich. Comp. Laws § 333.7403(2)(a)(v), and resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1). He was sentenced as an habitual offender to concurrent prison terms, the most severe (260 to 480 months) for the criminal enterprise conviction. After an unsuccessful round of direct appeals in the state court, followed by the denial of a post-conviction motion by the trial court, also affirmed by the state appellate courts, the petitioner filed his habeas corpus petition *pro se*. The petitioner filed timely objections to the magistrate judge's report recommending denial of the petition. The Court has conducted a *de novo* review of the petition, response, and state court record in light of the objections filed, and agrees

with the magistrate judge's conclusions. Therefore, the Court will overrule the objections, adopt the magistrate judge's recommendation, and deny the petition.

I.

The magistrate judge thoroughly discussed the facts of the case and its procedural history in his 57-page report. It need not be repeated here. The petitioner raised twelve claims in his petition covering a variety of issues, all addressed by the magistrate judge. Judge Komives concluded that the state courts decided these issues in a manner that was consistent with Supreme Court precedent, and therefore the petitioner did not carry his burden of showing that the state courts' rulings were contrary to or unreasonably applied federal constitutional law, or based on an unreasonable determination of the record facts.

II.

Objections to a magistrate judge's report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge . . . may accept, reject, or modify, in whole or in part, the findings to which objection is made." 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 220-21 (2007). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

A.

The magistrate judge generally applied the deferential review standard mandated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Some of the petitioner's ineffective assistance of counsel claims were raised in but not adjudicated by the state courts. The magistrate judge employed the more lenient *de novo* standard of review for those claims.

As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (holding that the AEDPA requires a federal habeas court to review state court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's ruling." (quoting *Yarborough v. Alvarado*, 541 U.S. 652 (2004))). The Sixth Circuit observed that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012).

The petitioner has not questioned the application of that standard in this case.

B.

The magistrate judge summarized the facts of the case by quoting the Michigan Court of Appeals's account of the trial record. That passage was found in the discussion of the petitioner's claim that insufficient evidence supported his conspiracy and criminal enterprise convictions. *See*

*People v. Bell*, No. 277554, 2008 WL 4604071, *1-2 (Mich. Ct. App. Oct. 16, 2008). That court viewed the evidence, of course, in the light most favorable to the prosecution. *See Jackson v. Virginia*, 433 U.S. 307, 319 (1979). The petitioner criticizes the magistrate judge's use of that summary, but the criticism is baseless, because the inferences drawn by the court of appeals are fairly supported by the record. Moreover, the magistrate judge also made liberal references to the petitioner's state court appellate brief, which included factual summaries that were more favorable to him.

C.

The petitioner objects to the magistrate judge's treatment of Claims I and IV, which challenge the sufficiency of the evidence supporting the criminal enterprise and conspiracy convictions. The magistrate judge rejected the petitioner's argument that the state courts should have adopted the definition of "pattern of racketeering activity" used by federal courts construing the federal Racketeer Influenced and Corrupt Organizations (RICO) Act. Judge Komives reasoned, correctly, that the state courts' interpretation of state criminal law must govern, and any challenge to that interpretation is not cognizable on federal habeas review. *See Sanford v. Yuckins*, 288 F.3d 855, 860-61 (6th Cir. 2002). The petitioner modified his argument in his objection, contending now that because the evidence established only two drug deliveries, there was insufficient evidence to show a threat of continuing criminal activity, which must be shown to establish a pattern of racketeering activity, an element of the criminal enterprise count. *See* Mich. Comp. Laws § 750.159f(c)(ii). He did not develop that argument in the state courts.

The Michigan Court of Appeals rejected the petitioner's sufficiency of evidence argument on his criminal enterprise conviction, noting that "[d]efendant has . . . presented us with no legal

basis for concluding that the evidence presented, when viewed in the light most favorable to the prosecution, failed to establish that he did not engage in a pattern of racketeering, and we will not search for authority to sustain defendant's position." *People v. Bell*, 2008 WL 4604071, at *3. In reaching that conclusion, it is fair to say that the state court found that two instances of illegal drug deliveries were sufficient under state law to establish a "pattern." Although two incidents constitute the bare minimum under the state statute, it cannot be said that the state court's conclusion unreasonably applies *Jackson*. As the Supreme Court has explained, "a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (quoting *Jackson*, 443 U.S. at 326). The state appellate court's determination in this case is consistent with other applications of the statute. For instance, in *People v. Mack*, No. 261912, 2006 WL 3826744 (Mich. Ct. App. Dec. 28, 2006), the court held that two instances of check fraud sufficiently established a threat of continued criminal activity. And in *People v. Lowery*, 274 Mich. App. 684, 692, 736 N.W.2d 586, 592-93 (2007), the court considered cocaine sales a general threat of continued criminal activity based on their "ongoing nature."

Nor does the fact that the petitioner was not found to be in possession of marked money for one of the two drug deliveries undercut the state court's determination that he engaged in both drug sales for financial gains. Those inferences were supported by the record; the state court reasonably applied *Jackson v. Virginia*. The state presented evidence that the cocaine Bell supplied to Rodolpho Fitchett was almost immediately sold to a police informant. Daniel Gonzales testified that "whenever [he] asked Fitchett for cocaine, Fitchett replied that he would not have any until [Bell]

arrived, and after [Bell] would leave Gonzales's house, Fitchett would give cocaine to Gonzales." *Bell*, 2008 WL 4604071, at *1. A determination of financial gain is reasonable when considering evidence that Bell engaged in drug transactions in exchange for the marked money found in his possession. Although the recovered marked money only matched the last controlled buy, a reasonable fact finder could conclude that Bell engaged in both drug transactions and money transfers for financial gain.

The petitioner also objects to the magistrate judge's conclusion that the conspiracy convictions were properly supported. Once again, the petitioner modifies his argument from the one presented in his habeas petition, and now contends that there was no evidence showing a conspiracy to deliver drugs to a third person, absent Fitchett's out-of-court statement. However, the circumstantial evidence established Bell's agreement and intent to carry out a conspiracy with Fitchett to sell drugs to the police informant. The state established at trial that Bell arranged for Fitchett to stay at Gonzales's house where multiple drug transactions were carried out. Based on this evidence, the jury reasonably could have inferred that Bell supplied the illegal drugs Fitchett sold to Gonzales and the informant. Even though Fitchett received the cocaine outside of Gonzales's or the informant's presence, the jury reasonably could have concluded that Bell acted as the supplier. The state established at trial that Fitchett called Bell when he did not have enough drugs, indicated the amount needed, waited for Bell's arrival, and only then sold the drugs to the informant after meeting with Bell. Additionally, the evidence established that Bell was later found in possession of money from the controlled buy. The evidence established a cooperative effort to provide third persons with drugs, and therefore proved more than a buyer-seller relationship. The

mere fact that Bell was not present during each of Fitchett's sales does not negate the significant circumstantial evidence proving Bell's knowledge and intent.

The petitioner's objection to the rejection of his sufficiency of evidence claims will be overruled.

### D.

The petitioner objects to the magistrate judge's conclusion that the admission of Fitchett's out-of-court statement under the coconspirator exclusion, Mich. R. Evid. 801(d)(2)(e), did not violate the Confrontation Clause (Claim III). As grounds for his objection, the petitioner relies exclusively on a supposed provision of the state evidence rule that he says requires unavailability of a declarant as a prerequisite for admissibility. The petitioner has misread the evidence rule, however. There is no unavailability requirement for admission of a coconspirator's statement under Michigan Evidence Rule 801(d)(2)(E). Moreover, as the magistrate judge explained in detail, the state court's determination that Fitchett was unavailable because of his assertion of his Fifth Amendment privilege against self-incrimination was a reasonable application of federal constitutional law.

The objection will be overruled.

### E.

The petitioner objects to the magistrate judge's rejection of his Claims III and XI that his rights to confront witnesses and to present a defense were abridged when the state court did not require Fitchett to assert his Fifth Amendment privilege (and establish his unavailability) in open court, and the petitioner was not permitted to use statements Fitchett made during his guilty plea proceeding to impeach the out-of-court statements of Fitchett that were received in evidence. The

magistrate judge suggested that a person who has pleaded guilty but was awaiting sentence may still invoke his privilege against self-incrimination as to questions relating to the guilty plea. The Supreme Court clearly established that rule in *Mitchell v. United States*, 526 U.S. 314, 326 (1999), and the magistrate judge properly applied it in this case. The state court's determination that Fitchett properly invoked his Fifth Amendment right did not unreasonably apply federal constitutional law.

The petitioner also relies on *Mitchell*, however, for the proposition that once a guilty plea is accepted, statements made by the defendant may be offered against him in later proceedings. Although true, that rule does not help the petitioner's arguments here. Fitchett, of course, was not on trial in the state court case against the petitioner. Therefore, his statements at his own plea hearing would not have been offered *against him* at the petitioner's trial.

The petitioner asserts in his objections that he should have been able to offer Fitchett's plea transcript to impeach his out-of-court coconspirator statement under Michigan Rule of Evidence 806, which allows impeachment of hearsay declarants and dispenses with some of the foundational requirements. However, the petitioner never raised that argument in the state courts, nor did he present it in his habeas petition. Therefore, it will not be considered here. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (stating that "a claim raised for the first time in objections to a magistrate judge's report is deemed waived" (citing *Ward v. United States*, 208 F.3d 216, 216 (6th Cir. 2000))); *see also Partee v. Stegall*, 8 F. App'x 466, 468 (6th Cir. 2001) (holding that a "claim [that] was not effectively raised in his habeas corpus petition . . . will not [be] reach[ed] . . . for the first time on appeal" (citing *Barker v. Shalala*, 40 F.3d 789, 793-94 (6th Cir. 1994))).

F.

The petitioner also objects to the magistrate judge's conclusions that the petitioner's several claims of ineffective assistance of trial and appellate counsel (Claims VI, IX, X, XII) were meritless, as were his claim of instructional error (Claim V), newly discovered evidence (Claim VIII), improper conviction of lesser included offenses (Claim II), and improper reliance on erroneous information at sentencing (Claim VII). The Court has examined the state court record and finds that the magistrate judge reached the correct conclusions on those issues. Moreover, the petitioner's objections to the magistrate judge's treatment of those issues are, for the most part, nonspecific and undeveloped. The Sixth Circuit requires that objections be specific enough to allow the Court to determine the issues being contested. *Spencer*, 449 F.3d at 725. In *Spencer*, for example, the plaintiff filed multiple objections asserting that, "Plaintiff objects to the granting of summary judgment in favor of the defendants regarding Plaintiff's overcrowding claim because the complaint . . . support[s] that the relief requested by Plaintiff regarding this issue should be granted." The court held that this type of objection was overly general because it merely claimed that issues not decided in the petitioner's favor were incorrect. *Id*. at 724-25. The court concluded that an objection must provide more than an assertion that the magistrate judge was incorrect; instead it must identify specific flaws in the report. *Ibid*.

Most of the petitioner's remaining objections mimic the pattern criticized in *Spencer*. The objections are insufficient to warrant further discussion, and they will be overruled.

III.

The Court agrees with the magistrate judge's statements of the law and his analysis. The Court concludes that the petitioner is not in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt. #25] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt #24] is **ADOPTED**.

It is further **ORDERED** that the petitioner's motion for reconsideration of request for release on bail [dkt. #26] is **DENIED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: March 29, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2016.

                                    s/Susan Pinkowski
                                    SUSAN PINKOWSKI